UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | **Protective Order** |
| v. | **16 Cr. 387 (JMF)** |
| JULIO MARQUEZ-ALEJANDRO, *et al.*, | |
| Defendants. | |

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendants having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government has made and will make disclosure to the defendants and defense counsel of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases. All of these materials will be referred to herein as "disclosure material." The Government's disclosure material may include material that (i) affects the privacy and confidentiality of individuals; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; and (iii) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Sensitive Disclosure Material.** Certain of the Government's disclosure material, referred to herein as "sensitive disclosure material," contains material that (a) identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein; or (b) reflects

personal identification information (including but not limited to addresses, phone numbers, social security numbers, dates of birth, and/or account numbers) and other highly personal information, such as medical records. All disclosure material that identifies by name individuals, other than law enforcement agents, who have provided information to law enforcement agents in connection with the investigation and prosecution of this case (including but not limited to recordings and summaries of post-arrest statements, proffer and cooperation agreements, and notes of proffer and witness prep sessions) shall be deemed sensitive disclosure material. In addition, all medical records belonging to an individual other than the defendants shall be deemed sensitive disclosure material. The Government's designation of material as sensitive disclosure material will be controlling absent contrary order of the Court.

3. **Attorneys' Eyes Only Material.** In order to balance the interest of timely production to defense counsel with the interest of protection of witness safety and privacy, certain sensitive disclosure material may be produced on an "attorneys' eyes only" basis. Any documents or portions of documents designated "attorneys' eyes only" may be reviewed and discussed only by counsel to the parties in this matter (or anyone working under their direction) or the Court. Upon production of attorneys' eyes only material, the Government will identify the date, if applicable, that attorneys' eyes only material reverts to sensitive disclosure material, *i.e.*, when if at all it may be shared with the defendants. The Government's designation of material as attorneys' eyes only will be controlling absent contrary order of the Court.

4. **Facilitation of Discovery.** The entry of a protective order in this case will permit the Government to produce expeditiously the disclosure material without further litigation or the need for redaction. It will also afford the defense prompt access to those materials, in unredacted form, which will facilitate the preparation of the defense.

5. **Good Cause.** There is good cause for entry of the protective order set forth herein.

**Accordingly it is hereby Ordered:**

6. Disclosure material shall not be disclosed by the defendants or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any disclosure material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any disclosure material to the media or any third party except as set forth below.

7. Disclosure material that is not sensitive disclosure material may be disclosed by counsel to:

(a) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action; and

(b) Prospective witnesses for purposes of defending this action.

8. Sensitive disclosure material shall be kept in the sole possession of counsel; shall not be reviewed or maintained by the defendants outside the presence of counsel; shall not be copied or otherwise recorded by the defendants; and may be disclosed by counsel only to personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action.

9. The Government may authorize, in writing, disclosure of disclosure material beyond that otherwise permitted by this Order without further Order of this Court.

10. This Order does not prevent the disclosure of any disclosure material in any motion, hearing, or trial held in this action, or to any judge or magistrate judge, for purposes of this action. However, sensitive disclosure material pertinent to any motion before the Court should

initially be filed under seal, absent consent of the Government or Order of the Court. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

## Disclosure and Protection of Seized ESI

11. The Government has advised that information that may be subject to disclosure in this case may be contained within ESI that the Government has seized during the course of the investigation. The Government is authorized to disclose to counsel for the defendant, for use solely as permitted herein, the entirety of such seized ESI as the Government believes may contain disclosure material ("the seized ESI disclosure material"). The defendant, defense counsel, and personnel for whose conduct counsel is responsible, that is, personnel employed by or retained by counsel, may review the seized ESI disclosure material to identify items pertinent to the defense. They shall not further disseminate or disclose any portion of the seized ESI disclosure material except as otherwise set forth under this Order.

## Return or Destruction of Material

12. Except for disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all sensitive disclosure material, including the seized ESI disclosure material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later.

13. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed disclosure material or the Government's ESI production. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

## Retention of Jurisdiction

14. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney

By: _____  Date: 12/13/19
Allison Nichols
Lara Pomerantz
Andrew Thomas
Assistant United States Attorneys


_____  Date: 12/12/19
Grainne O'Neill
Richard Reeve
Bobbi Sternheim
Counsel for Julio Marquez-Alejandro


_____  Date: _____
Joshua Lewis Dratel
Louis Freeman
Counsel for Luis Blondet


_____  Date: _____
Harvey Fishbein
Peter Quijano
Anna Sideris
Counsel for Ralph Laboy

## Retention of Jurisdiction

14. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney


By: _____          Date: _____
    Allison Nichols
    Lara Pomerantz
    Andrew Thomas
    Assistant United States Attorneys


_____          Date: _____
Grainne O'Neill
Richard Reeve
Bobbi Sternheim
Counsel for Julio Marquez-Alejandro


_____          Date: 12/10/19
Joshua Lewis Dratel
Louis Freeman
Counsel for Luis Blondet


_____          Date: _____
Harvey Fishbein
Peter Quijano
Anna Sideris
Counsel for Ralph Laboy

## Retention of Jurisdiction

14.  The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney

By: _____          Date: _____
    Allison Nichols
    Lara Pomerantz
    Andrew Thomas
    Assistant United States Attorneys


_____          Date: _____
Grainne O'Neill
Richard Reeve
Bobbi Sternheim
Counsel for Julio Marquez-Alejandro


_____          Date: _____
Joshua Lewis Dratel
Louis Freeman
Counsel for Luis Blondet


_____          Date: 11/7/19
Harvey Fishbein
Peter Quijano
Anna Sideris
Counsel for Ralph Laboy

5

*G.Goltzer*  
George Goltzer  
Kelley Sharkey  
Yin Stafford  
Counsel for Jason Dones-Gonzalez

Date: 11/10/2019

_____  
Allan Haber  
Bruce Koffsky  
Avraham Moskowitz  
Counsel for William Vasquez-Baez

Date: _____

_____  
Jeremy Schneider  
David Stern  
Counsel for Oscar Valdez-Garcia

Date: _____

_____  
Donald Yanella  
Mark DeMarco  
Counsel for Jose Victor Pellot-Cardona

Date: _____

SO ORDERED:

Dated: New York, New York  
_____, 2019

_____  
THE HONORABLE JESSE M. FURMAN  
UNITED STATES DISTRICT JUDGE

_____     Date: _____
George Goltzer
Kelley Sharkey
Yin Stafford
Counsel for Jason Dones-Gonzalez

*/s/ A. Moskowitz*     Date: 12/5/19
_____
Allan Haber
Bruce Koffsky
Avraham Moskowitz
Counsel for William Vasquez-Baez


_____     Date: _____
Jeremy Schneider
David Stern
Counsel for Oscar Valdez-Garcia


_____     Date: _____
Donald Yanella
Mark DeMarco
Counsel for Jose Victor Pellot-Cardona

SO ORDERED:

Dated: New York, New York
            _____, 2019

_____
THE HONORABLE JESSE M. FURMAN
UNITED STATES DISTRICT JUDGE

6

_____  Date: _____
George Goltzer
Kelley Sharkey
Yin Stafford
Counsel for Jason Dones-Gonzalez


_____  Date: _____
Allan Haber
Bruce Koffsky
Avraham Moskowitz
Counsel for William Vasquez-Baez


___[signature]_____  Date: 11/8/19.
Jeremy Schneider
David Stern
Counsel for Oscar Valdez-Garcia


_____  Date: _____
Donald Yanella
Mark DeMarco
Counsel for Jose Victor Pellot-Cardona

SO ORDERED:

Dated: New York, New York
        _____, 2019

                                  _____
                                  THE HONORABLE JESSE M. FURMAN
                                  UNITED STATES DISTRICT JUDGE

6

_____  Date: _____
George Goltzer
Kelley Sharkey
Yin Stafford
Counsel for Jason Dones-Gonzalez


_____  Date: _____
Allan Haber
Bruce Koffsky
Avraham Moskowitz
Counsel for William Vasquez-Baez


_____  Date: _____
Jeremy Schneider
David Stern
Counsel for Oscar Valdez-Garcia


*Mark S. DeMarco*  Date: Dec. 9, 2019
Donald Yanella
Mark DeMarco
Counsel for Jose Victor Pellot-Cardona

SO ORDERED:

Dated: New York, New York
       December 16, 2019

_____
THE HONORABLE JESSE M. FURMAN
UNITED STATES DISTRICT JUDGE

6