

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 2, 2020

**BY ECF**

The Honorable Jesse M. Furman
United States District Judge
40 Foley Square
New York, New York 10007

    Re:    *United States v. Julio Marquez-Alejandro, et al.*,
            S6 16 Cr. 387 (JMF)

Dear Judge Furman:

    The Government respectfully requests that the Court accept for public filing a partially redacted version of its March 2, 2020 letter regarding racketeering evidence (the "Third Enterprise Letter"). A version of the Third Enterprise Letter containing the proposed redactions is being simultaneously filed on ECF.

    The Third Enterprise Letter sets forth uncharged criminal conduct that the Government may seek to introduce at trial as direct proof of the charged La ONU racketeering enterprise ("La ONU" or the "Enterprise"). The proposed redactions concern disclosure material that constitutes "sensitive disclosure material" as defined in the Protective Order (Dkt. 309) in this case; that is, material that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm if the material is publicly disclosed. In short, although the Enterprise Letter does not explicitly state the source or sources of information, the nature of the information contained in the redacted material has a tendency to identify the Government's witnesses to the defendants and to their unindicted co-conspirators.

    Although there is a qualified right of public access to court documents, such "documents may be kept under seal if 'countervailing factors' in the common law framework or 'higher values' in the First Amendment framework so demand." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). For example, the Second Circuit has recognized that documents may be filed under seal to protect, among other things, a cooperating defendant's safety or to further ongoing law enforcement efforts. *See United States v. Cojab*, 996 F.2d 1404, 1407-09 (2d Cir. 1993) (affirming sealing order); *United States v. Haller*, 837 F.2d 84, 88 (2d Cir. 1988) (affirming decision to seal that portion of a plea agreement that referred to a defendant's ongoing cooperation); *see also* Fed. R. Crim. Pro. 49.1(d) and (e) advisory committee note (permitting a court to order filings to be made under seal, and explicitly listing, as examples, motions for downward departure for substantial assistance and plea agreements indicating cooperation). The

Second Circuit has also recognized that even docketing the applications to seal those materials could be prejudicial, and in such cases the applications themselves and related notes to the docket could be sealed. *See United States v. Alcantara*, 396 F.3d 189, 200 n.8 (2d Cir. 2005).

As discussed in the Protective Order, the Indictment, and the Third Enterprise Letter itself, this case presents significant witness safety concerns. Members of La ONU committed acts of violence, including murder and assault, to protect and expand the Enterprise's criminal operations. (Indictment ¶ 4.b). The purposes of the Enterprise included preserving and protecting the power of the Enterprise and its members through murder, attempted murder, and threats of violence. (*Id.* ¶ 3.b). The Third Enterprise Letter, like an earlier letter filed on December 27, 2019, contains several examples of members of La ONU killing and attempting to kill suspected cooperators or informants. Furthermore, the Government has reason to believe that La ONU's interest in threatening and harming suspected cooperators did not end with the arrest of the defendants in the instant prosecution. Rather, based on debriefings with multiple cooperating witnesses and other inmates at MDC Brooklyn, the Government understands, among other things (i) that several of the trial defendants are actively trying to determine who is or may be cooperating with the Government; (ii) that family members of suspected cooperators have been contacted by family members of at least one of the trial defendants; and (iii) that at least some of the trial defendants continue to be in contact with unindicted, non-incarcerated members of the Enterprise who continue to run the Enterprise's operations in Puerto Rico and New York. Accordingly, there are strong countervailing factors against full public access here in the form of significant safety concerns for Government witnesses and their families.

Additionally, some of the proposed redactions concern criminal activity undertaken by the trial defendants in concert with one or more unindicted members of the Enterprise. Premature public disclosure of those uncharged criminal acts could put those unindicted co-conspirators on notice of the nature, extent, and detail of the Government's information and thus give them an opportunity to flee, destroy evidence, obstruct justice, or threaten witnesses, thus harming ongoing and future investigations. This, too, represents a countervailing factor that weighs against public filing.

The proposed redactions are narrowly tailored because they concern only material that has not yet been publicly disclosed and that has a tendency to identify Government witnesses. The Government anticipates that the majority of the redacted material could be filed in unredacted form at the conclusion of the upcoming trial. However, the Government may make a new application at that later date for a much smaller portion of the publicly filed Third Enterprise Letter to remain redacted, based on the evidence publicly disclosed at trial and its evaluation as to whether certain safety or investigative concerns remain ongoing at that time.

      For the reasons set forth herein, the Government respectfully requests the Court grant its application for the proposed redactions to its Third Enterprise Letter.

                                          Respectfully submitted,

                                          GEOFFREY S. BERMAN
                                          United States Attorney

                      By:    s/
                                          Lara Pomerantz
                                          Andrew Thomas
                                          Assistant United States Attorneys
                                          (212) 637-2343/-2106

Application GRANTED. Unless and until the Court orders otherwise based on a new motion from the Government, the Government shall file an unredacted copy of its letter within one week of the conclusion of trial in this matter. The Clerk of Court is directed to terminate Docket No. 376. SO ORDERED.

March 3, 2020