```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
UNITED STATES OF AMERICA                                          :
                                                                  :
                -v-                                               :   16-CR-387 (JMF)
                                                                  :
LUIS BLONDET,                                                     :
JULIO MARQUEZ-ALEJANDRO, and                                      :   ORDER
WILLIAM VASQUEZ-BAEZ,                                             :
                                                                  :
                         Defendants.                              :
                                                                  :
------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

      Trial in this matter is scheduled to begin on October 4, 2021. As discussed during the telephone conference held on April 28, 2020, however, it is unclear whether the Court would be able to try a three-defendant case at that time given the COVID-19 pandemic. Separate and apart from that, counsel for two Defendants — Luis Blondet and Julio Marquez-Alejandro — have made a compelling case that they need more time to prepare for trial given the nature and extent of the conduct at issue, the fact that most of that conduct took place in Puerto Rico, and the COVID-19 pandemic. Complicating matters, however, William Vazquez-Baez objects to any further adjournment of trial — as he did in last fall when the Court adjourned trial due to the COVID-19 pandemic from February 2021 to October 2021. *See* ECF No. 447. Notably, while Blondet and Marquez-Alejandro are serving sentences in connection with other convictions, Vazquez-Baez is not; he is detained solely in connection with the instant case. To date, he has been detained for over forty-six months; as of October 2021, it will be nearly fifty-two months.

      In light of these compelling circumstances, the Court concludes that Vasquez-Baez's case should be severed so that he may proceed to trial alone on October 4, 2021 (assuming the Court

is able to obtain that trial date in the event that the COVID-19 protocols are still in place) and that trial of Blondet and Marquez-Alejandro should be adjourned to March 7, 2022. The Court does not make that decision lightly. As the Government noted last fall, *see* ECF No. 449, the preference for joint trial, particularly in a case of this nature, is strong, *see, e.g.*, *Zafiro v. United States*, 506 U.S. 534, 537 (1993); *United States v. Gotti*, No. 02-CR-743 (RCC), 2004 WL 602689, at *6 (S.D.N.Y. Mar. 26, 2004). In the fall, the Court concluded that the strength of that preference outweighed Vasquez-Baez's preference for a speedier trial and thus adjourned trial over his objection. Six months later, the Court is compelled to reach a different conclusion. If the Court knew for sure that all three Defendants could definitely be tried together next March, perhaps it would adjourn the trial as to all three one final time. But the pandemic has already caused two adjournments (on top of multiple earlier adjournments for equally compelling reasons), and the Court has no way of knowing for sure whether a three-defendant trial will be feasible even in March 2022. Put differently, contrary to the Government's argument last fall, it is *no* longer clear whether or when "[a] fair and efficient trial of three defendants" will be "within the capacity of the District Court to conduct." ECF No. 449, at 3.

For the foregoing reasons, Vasquez-Baez is granted a severance and his trial will begin as scheduled on **October 4, 2021**. Trial of Blondet and Marquez-Alejandro is adjourned to **March 7, 2022**. (In light of the religious holidays, the Court will not sit on April 15 and 22, 2022.) COVID-19 aside, counsel and Defendants should understand that **those dates are firm dates.** Counsel for Blondet and Marquez-Alejandro shall promptly advise their clients of the new date and, no later than **May 17, 2021**, file letters confirming that their clients (1) know of the new trial date and (2) know that (COVID-19 aside) it is a firm date.

Additionally, all counsel shall promptly confer and, no later than **May 10, 2022**, file a

joint letter (or competing letters) addressing the following:

(1) whether the existing pretrial schedule, *see* ECF No. 476, should remain in effect with respect to the trial of Vasquez-Baez or be modified (and, if so, how);

(2) a proposed pretrial schedule with respect to the trial of Blondet and Marquez-Alejandro;

(3) what effect, if any, the severance has on the pending motion to preclude, *see* ECF No. 372, including but not limited to whether (a) the motion should be denied without prejudice to renewal after the Government has provided a new "enterprise letter" indicating what conduct it would intend to prove at each trial; or (b) the parties should file supplemental briefs in light of the severance; and

(4) whether the Court should hold a conference to discuss any of the foregoing or any other issues relating to this case and, if so, whether the Defendants should be present and whether the conference should be held in person or remotely.

SO ORDERED.

Dated: May 3, 2021
New York, New York

_____
JESSE M. FURMAN
United States District Judge