UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JULIO MARQUEZ-ALEJANDRO and LUIS BLONDET,<br><br>Defendants. | ORDER<br><br>16 Cr. 387 (JMF) |

WHEREAS, the Court and the parties seek to ensure that defendants Julio Marquez-Alejandro and Luis Blondet have meaningful access and sufficient time to review Section 3500 materials and other case materials while detained at the Metropolitan Detention Center, Brooklyn ("MDC Brooklyn");

WHEREAS, to ensure the safety of witnesses, some of the Section 3500 materials in this case have been designated "Sensitive" under the Protective Order such that the defendants may not retain possession of those materials; and

WHEREAS, the Court seeks to ensure that such discovery access does not jeopardize the security and operational interests of the MDC;

IT IS HEREBY ORDERED that:

1. Julio Marquez-Alejandro and Luis Blondet may each have access to his own "air-gapped" laptop computer (the "Laptop") that is disabled from accessing the internet, local area networks, or other electronic devices;

2. Upon receipt of an acceptable laptop computer from counsel for each defendant, the Government shall (a) ensure that each laptop is appropriately "air gapped" and compatible with the MDC Brooklyn's security requirements; (b) load the laptop with Spanish translations of Section 3500 materials in this case, which shall include materials designated "Sensitive" under

the Protective Order; and (c) deliver the laptop to the proper authorities at the MDC Brooklyn promptly once the attorneys' eyes only designation is lifted from the relevant materials on February 17, 2022;

3. Each Laptop shall be password-protected and maintained in a location acceptable to Bureau of Prisons personnel;

4. Bureau of Prisons personnel will provide each defendant with access to the Laptop each weekday in the visiting room;

5. Within forty-eight hours of MDC Brooklyn's receipt of each Laptop from the Government, each defendant shall receive access to their respective Laptop subject to the following conditions:

   a. Upon request to his unit, the defendant will be brought to the visiting room during the weekday (with an effort to provide access on a daily basis if requested);

   b. The defendant shall not have possession of any charging apparatus or cord that connects to the Laptop; and

   c. The defendant shall not be permitted to copy down, print, photograph, screen-shot, or otherwise retain a copy of any of the Sensitive material contained on the Laptop.

6. Each defendant shall execute an agreement setting forth his understanding that (a) he may use the Laptop for the sole purpose of reviewing discovery and legal materials that relate to his criminal case; (b) he shall not share the Laptop or the materials loaded onto the Laptop with other inmates or with any attorney not appointed to this case without an order of this Court; (c) he will not access or attempt to access the internet or any form of wireless communication; (d) he will not copy down, print, screen-shot, or otherwise retain a copy of any of the Sensitive material contained on the Laptop; (e) he will at all times abide by the terms of

the Protective Order governing the discovery materials in this case; and (f) he will forfeit his right under this Order to use the Laptop, and that he may expose himself to criminal prosecution for possessing or distributing a "prohibited object" as that term is defined in 18 U.S.C. § 1791(d) in the future, should he violate any of these understandings.

7. This Order remains in effect until the trial in this matter is completed, and a copy of this Order shall be made available to any unit where either defendant is housed.

SO ORDERED.

Dated: New York, New York
February  7 , 2022

_____
Hon. Jesse M. Furman
United States District Judge
Southern District of New York

The Clerk of Court is directed to terminate ECF No. 623.