UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
           :
UNITED STATES OF AMERICA         :
           :
     -v-           :         16-CR-387 (JMF)
           :
LUIS BLONDET and         :       MEMORANDUM OPINION
JULIO MARQUEZ-ALEJANDRO,         :           AND ORDER
           :
     Defendants.      :
           :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      On January 30, 2022, Defendants Luis Blondet and Julio Marquez-Alejandro filed a letter motion under seal seeking approval, pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure, to serve a subpoena on the Bureau of Prisons (the "BOP") requesting various "prison records" for purported Government witnesses "who have been or are presently in federal custody."[1] That motion is denied, substantially for the reasons set forth in the Government's opposition of February 11, 2022 ("Gov't Opp'n"). Put simply, the subpoena fails to satisfy the specificity, relevancy, and admissibility requirements established by *United States v. Nixon*, 418 U.S. 683, 699-700 (1974). *See* Gov't Opp'n 3 (citing cases quashing nearly identical subpoenas).[2]

---

[1] The original letter motion appears to have been filed on behalf of Marquez-Alejandro alone, but counsel for Blondet also signed the reply. Accordingly, the Court treats the motion as a joint motion from both Defendants.

[2] In their reply of February 14, 2022 ("Defs.' Reply"), Defendants cite *United States v. Tucker*, 249 F.R.D. 58 (S.D.N.Y. 2008). *Tucker* has indeed "been criticized." Defs.' Reply 10. In fact, "the Second Circuit and district courts in this Circuit have almost unanimously" deviated from *Tucker* and "'applied the *Nixon* standard to Rule 17(c) subpoenas requested by a defendant.'" *United States v. Cole*, No. 19-CR-869 (ER), 2021 WL 912425, at *3 (S.D.N.Y. Mar. 10, 2021) (quoting *United States v. Bergstein*, 788 F. App'x 742, 746 (2d Cir. 2019) (summary order)). Accordingly, the Court declines to follow *Tucker* and applies *Nixon* itself.

Notably, in their reply, Defendants barely focus on Rule 17. Instead, their primary focus is on the Government's obligation to disclose information pursuant to *Giglio v. United States*, 405 U.S. 150 (1972). But the question of whether the Government has complied with its obligations under *Giglio* (and, more broadly, *Brady*) is distinct from the question of whether Defendants are entitled to a subpoena under the *Nixon* standard. As for *Giglio*, Defendants are on firm ground in arguing that the Government's obligations extend to all hearsay declarants, including non-testifying co-conspirators whose statements the Government seeks to introduce at trial. *See, e.g.*, *United States v. Jackson*, 345 F.3d 59, 70 (2d Cir. 2003); *United States v. Percoco*, No. 16-CR-776 (VEC), 2018 WL 9539131, at *1 n.1 (S.D.N.Y. June 14, 2018). Defendants may be on less firm ground, however, in suggesting that the Government has an obligation to acquire and disclose BOP records and information that is not in possession of the prosecution team. *See, e.g.*, *Gist v. United States*, No. 16-CR-656-6 (GHW), 2021 WL 3774289, at *17 (S.D.N.Y. Aug. 24, 2021) ("The Government's *Brady* obligations in this case did not extend to materials that it did not know about but were in the possession of the BOP."); *United States v. Noel*, No. 19-CR-830-2 (AT), 2020 WL 12834537, at *3-4 (S.D.N.Y. June 9, 2020) ("The court cannot find that the government is in constructive possession of the materials where, as here, defendant has not presented any evidence suggesting that BOP was involved in the investigation or prosecution of this case." (quoting *United States v. Rivera*, No. 13-CR-149 (KAM), 2015 WL 1540517, at *3 (E.D.N.Y. Apr. 7, 2015))).[3] In any event, for now, the Court

---

[3]   The cases cited by Defendants in their reply, Defs.' Reply 3-4, do not seem to support that suggestion. In most, the Government had agreed to produce the relevant information, *see e.g.*, *United States v. Chartier*, No. 17-CR-0372 (JS), 2021 WL 3795352, at *24 (E.D.N.Y. Aug. 26, 2021), or the information was already in the possession of the prosecution team, *see e.g.*, *United States v. Flores-Rivera*, 787 F.3d 1 (1st Cir. 2015). The exceptions, *Carriger v. Stewart*, 132 F.3d 463, 480 (9th Cir. 1997) and *United States v. Lopez*, No. 86-CR-513, 1987 WL 8627 (N.D. Ill. Mar. 20, 1987), apply out-of-Circuit law that appears to take a broader view of the

accepts the Government's prior representations that it is aware of, and will comply with, its disclosure obligations — mindful that the Court will be deeply unhappy (to put it mildly) if the timing of any Government disclosure results in delays to or during the trial.

Finally, the Court agrees with the Government that there is no basis to keep the parties' submissions under seal in their entirety — and that they should be publicly filed with the names and other personal identifiers of the purported witnesses redacted. *See generally Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). No later than **February 18, 2022**, the parties shall confer with respect to what redactions, if any, would be appropriate and file their submissions on ECF. The Court will maintain the unredacted versions under seal.

SO ORDERED.

Dated: February 16, 2022
New York, New York

_____
JESSE M. FURMAN
United States District Judge

---

Government's disclosure obligations than Second Circuit law, *see United States v. Avenatti*, No. 19-CR-734 (JMF), ECF No. 421, at 20 n.14 (S.D.N.Y. Feb. 15, 2022) ("Ninth Circuit case law appears to diverge from Second Circuit case law on the scope of a prosecutor's constructive knowledge with respect to *Brady* obligations.").