UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                :
UNITED STATES OF AMERICA                         :
                                                :
         -v-                                                :
                                                :               16-CR-387 (JMF)
LUIS BLONDET and                                  :
JULIO MARQUEZ-ALEJANDRO,             :               MEMORANDUM OPINION
                                                :                        AND ORDER
                              Defendants.               :
                                                :
-------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

        On January 30, 2022, Defendants Luis Blondet and Julio Marquez-Alejandro filed a letter motion seeking leave, pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure, to serve a subpoena on the Bureau of Prisons. ECF No. 641. On February 8, 2022, Defendants filed a motion to compel the production of alleged *Brady* and *Giglio* materials in the possession of the Puerto Rico Police Department ("PRPD"), the United States Attorney's Office for the District of Puerto Rico ("USAO-DPR"), and other agencies. ECF No. 629. In opinions filed on February 16, 2022, and February 18, 2022, respectively, the Court denied the motions in part on the ground that these other agencies are not part of the "prosecution team" for purposes of this case. ECF Nos. 638, 640. Defendants now move for reconsideration on the ground that the Court failed to consider a press release made by the Government in May 2017 that, Defendants argue, contradicts the Government's position regarding the scope of the prosecution team. ECF No. 646 ("Defs.' Mot."). For the reasons that follow, the motion is DENIED.

        A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012).

"The standard for granting [a motion for reconsideration] is strict." *Id.* A motion will be granted "only where the movant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *United States v. Brown*, No. 21-122, 2021 WL 5872940, at *1 (2d Cir. Dec. 13, 2021) (summary order). Measured against this standard, Defendants' motion falls woefully short. The press release upon which Defendants rely, *see* Defs.' Mot. 2, was issued nearly five years ago and "can hardly be considered 'new evidence,' given that [it] was readily available at the time of the earlier briefing." *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021).

In any event, even if the Court were to consider the issue *de novo*, the press release would not change the Court's analysis or conclusion. In the press release, then-Acting U.S. Attorney Joon Kim merely thanked the USAO-DPR and the PRPD, among other agencies, for "their support of this ongoing investigation." Defs.' Mem. at 3; *see also* ECF No. 646-1. But the fact that the agencies "support[ed]" the investigation could mean almost anything, including, as the Government proffered in its opposition to Defendants' earlier motion to compel, that the PRPD "responded to specific requests from the [United States Attorney's Office for the Southern District of New York] — most often in response to a subpoena — for specific records in its possession," ECF No. 637 ("Gov. Disclosure Opp'n"), at 8, and that the United States Attorney's Office for the Southern District of New York "submitted a limited number of specific requests to the USAO-DPR for certain materials," to which the USAO-DPR responded, *id*. at 7. As the Court previously concluded, the mere fact that a government entity responds to targeted document requests does not, without more, make that entity part of the prosecution team. *See United States v. Middendorf*, No. 18-CR-36 (JPO), 2018 WL 3956494, at *4 (S.D.N.Y. Aug. 17, 2018) (outlining five factors "relevant in determining whether the prosecution conducted a joint

2

investigation" with another agency); *see also United States v. Avenatti*, No. 19-CR-374 (JMF), 2022 WL 457315, at *9-12 (S.D.N.Y. Feb. 15, 2022).

In fact, if anything, far from undermining the Government's representations in its opposition to Defendants' motion to compel or the Court's earlier conclusions, the press release reinforces them. The press release separately references two groups of agencies: first, the United States Postal Inspection Service, the Drug Enforcement Administration, the Bureau of Alcohol, Tobacco, and Firearms, and the New York City Police Department, which Kim credited with "outstanding investigative work"; and, second, the USAO-DPR, the PRPD, and two other agencies, which Kim merely thanked for "their support of this ongoing investigation." Defs.' Mem. at 3. As the Court previously held, the prosecution team includes the agencies that performed "investigative work" in this case, but does not include the agencies that merely "support[ed the] ongoing investigation." Defs.' Mem. at 3.

In short, Defendants' reliance on the press release is both too late and too little. Accordingly, the motion for reconsideration must be and is DENIED.

The Clerk of Court is directed to terminate ECF No. 646.

SO ORDERED.

Dated: February 23, 2022
      New York, New York

                                           JESSE M. FURMAN
                                      United States District Judge