UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
:
UNITED STATES OF AMERICA                                           :
:
        -v-                                                        :
:                    16-CR-387 (JMF)
LUIS BLONDET and JULIO MARQUEZ-                                    :
ALEJANDRO,                                                         :                    ORDER
:
                                Defendant.                         :
:
-------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Attached is a final version of the juror questionnaire that the Court will use during oral *voir dire* on March 16, 2022, and, if necessary, March 17, 2022.

      SO ORDERED.

Dated: March 15, 2022
       New York, New York
                                                    JESSE M. FURMAN
                                                      United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
UNITED STATES OF AMERICA,                                         :
:
      -v-                                                      :       S13 16 Cr. 387 (JMF)
:
JULIO MARQUEZ-ALEJANDRO and                                       :       VOIR DIRE
LUIS BLONDET,                                                     :
:
                   Defendants.                           :
:
------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

**PLEASE DO NOT READ FURTHER OR WRITE ANYTHING ON**

**THIS QUESTIONNAIRE UNTIL THE JUDGE TELLS YOU TO DO SO**

When directed to do so, please indicate if your answer to any of the following questions is "**yes**" by circling the number of that question.  If your answer to a question is "**no**," you should not do anything.  Do *not* write your name or make *any other* marks on the questionnaire; the only marks you should make are circles around the questions for which the answer is "yes."  If, when asked about a "yes" answer, you prefer not to elaborate in open court, please say so.

A.      General Questions

1.      As I noted, this trial is expected to last up to five or six weeks.  Do you have any commitments that would interfere with your serving as a juror at a trial that is expected to end by April 27, 2022?

2.      Do you have any difficulty understanding or reading English?

3.      Do you have any ideas or prejudices that would make it difficult for you to follow my instructions as to the law?

4.      Do you have any doubt that you will be able to apply the law as I explain it even if you disagree with it?

5.      Do you believe that our system of criminal justice improperly favors or disfavors criminals or persons charged with crimes?

6.      Do you believe that — for reasons that have nothing to do with the law or the evidence — you might be reluctant to render a verdict of guilty?

7.      Do you believe that — for reasons that have nothing to do with the law or the evidence — you might be reluctant to render a verdict of <u>not</u> guilty?

8.  In our criminal justice system, the defendant is presumed to be innocent, not only at the outset of the trial, but throughout the entire trial — unless and until the Government proves his guilt beyond a reasonable doubt. Would you have any trouble following my instructions on these points?

9.  Because the burden rests with the Government at all times, a defendant has no obligation to offer evidence or to testify in his own defense. If a defendant chooses not to testify, as is his absolute right, would you have any trouble following my instruction that you may not consider that fact in any way in your deliberations in the jury room?

10. Do you have any religious or ethical beliefs that would prevent you from passing judgment on another person or rendering a verdict, either in general or in this case?

11. Have you, or has any close friend or relative, ever studied or practiced law or worked in any capacity for a law office?

12. Have you, or has any close friend or relative, ever worked for any law enforcement or corrections agency, such as the New York City Police Department (also known as the "NYPD"), the Puerto Rico Police Department, the Department of Corrections, the Federal Bureau of Investigation (also known as the "FBI"), the Drug Enforcement Administration (also known as the "DEA"), the Bureau of Alcohol, Tobacco, Firearms and Explosives (also known as the "ATF"), the United States Marshals Service, the United States Postal Inspection Service, the District Attorney, the United States Attorney, the Department of Justice, Probation or Parole, the Bureau of Prisons, or any other such agency?

13. Do you know or do you have an association with any member of the staff of the United States Attorney's Office for the Southern District of New York?

14. Do you have any bias or prejudice for or against the United States Attorney's Office or any other law enforcement agency?

15. Have you, or has any member of your family, either as an individual or in the course of business, ever been party to any legal action or dispute with the United States or any of the offices, departments, agencies, or employees of the United States, or had any interest in any such legal action or dispute or its outcome?

16. Do you, or do any of your relatives or close friends, work for a criminal defense attorney or private investigator?

17. Do you have any bias or prejudice for or against criminal defense attorneys?

18. Do you have any expectations about the type or types of evidence that the Government should or will present in criminal trials?

B.  Case-Specific Questions

19. Do you have any personal knowledge of the charges in the Indictment as I have described them?

20. Have you read or heard anything about this case through the media, the internet, or any other source?

21. You may hear testimony from law enforcement officers or other law enforcement personnel. Do you have any personal views or experiences that would make you more or less likely to believe a witness just because he or she is a member of a law enforcement agency?

22. You may hear testimony in this case from cooperating witnesses, that is, witnesses who previously participated in criminal activity and are testifying pursuant to agreements with the Government. Such cooperating witnesses hope to receive a lower sentence because of their cooperation. The use of cooperating witnesses is lawful and permitted, but such testimony should be scrutinized carefully. Do you have any feelings, beliefs, or experiences regarding the Government's use of cooperating witnesses that would influence your ability to evaluate this testimony fairly and impartially?

23. You might hear evidence in this trial of criminal activity committed by people other than Mr. Marquez-Alejandro and Mr. Blondet. Those other people are not on trial here. You may not draw any inference, favorable or unfavorable, toward the government or the defendants from that fact. Nor may you speculate as to the reason why other people are not on trial. Would you have any trouble following my instructions on these points?

24. Some of the evidence in this trial may have been obtained through searches and seizures by law enforcement officers. I instruct you that those searches were legal and that the evidence obtained from them is admissible in this case. Do you have any feelings or opinions about the use of evidence obtained in law enforcement searches and seizures that would make it difficult for you to evaluate the evidence fairly and impartially?

25. As I mentioned earlier, you may hear evidence in this case relating to acts of violence, including murders. Do you have any feelings, beliefs, or experiences relating to that aspect of the case that would affect your ability to be fair and impartial in this case?

26. You may also hear evidence relating to firearms. Do you have any feelings, beliefs, or experiences relating to guns or the enforcement of gun laws that would affect your ability to be fair and impartial in this case?

27. You may hear also evidence relating to the distribution of illegal drugs. Do you have any feelings, beliefs, or experiences relating to illegal drugs or the enforcement of drug laws that would affect your ability to be fair and impartial in this case?

28. You may hear also evidence relating to bribery of public officials such as police officers. Do you have any feelings, beliefs, or experiences relating to that aspect of the case that would affect your ability to be fair and impartial in this case?

29. You may hear also evidence relating to criminal enterprises or gangs. Do you have any feelings, beliefs, or experiences relating to gangs or criminal enterprises, in your neighborhood or otherwise, that would affect your ability to be fair and impartial in this case?

30. The defendants in this case are Hispanic (or Latino) and are from Puerto Rico. Is there anything about this that may affect your ability to be a fair and impartial juror in this case?

31. Have you, or has any member of your family, lived or spent significant time in Puerto Rico?

32. The defendants and many of the witnesses are entirely or primarily Spanish-speaking and will be assisted by Spanish-language interpreters. Is there anything about that fact that may affect your ability to be a fair and impartial juror in this case?

33. Do you have any reason to believe that anything in your life experience will make you partial to one side or the other in this case?

34. Do you think that you could not sit fairly and impartially as a juror in a case involving charges like those in this case — that is, involving alleged murder, drug dealing, and bribery committed by a criminal enterprise or gang?

35.     As I described earlier, the Court is taking precautions to prevent the spread of COVID-19, including requiring everyone in the courtroom to socially distance and wear masks. Do you have any concerns about your ability to follow these rules, as I have described them?

36.     Is there anything about COVID-19, or the safety protocols that we will use during the trial, that would affect your ability to be a fair and impartial juror in this case?

B.      Knowledge of Parties, Lawyers, and Witnesses

37.     The Government is represented here, as in all cases where it is a party before this Court, by the United States Attorney for the Southern District of New York — who is Damian Williams. The conduct of this trial will be in the immediate charge of Assistant United States Attorneys Jamie Bagliebter, Jacob Fiddelman, Justin Rodriguez, and Peter Davis, who will be assisted at trial by William Coleman and Christopher Sykes of the United States Attorney's Office and James F. Morrison, a Postal Inspector with the United States Postal Inspection Service. Do you know, or have you had any dealings with, any of them?

38.     Mr. Marquez-Alejandro and Mr. Blondet are represented by Bobbi Sternheim, Graine O'Neill, Richard Reeve, Louis Freeman, Joshua Dratel, and Nadjia Limani, who will be assisted at trial by Alex Huot, Emily Kaas, and Fatoumata Magassa. Do you know, or have you had any dealings with, any of them?

39.     To your knowledge, do you have any relatives, friends, associates, or employers who have had any dealings with the United States Attorney's Office for the Southern District of New York, Mr. Marquez-Alejandro, or Mr. Blondet?

40. Have you or any relatives, friends, associates, or employers had any dealings with the United States Postal Inspection Service, the New York City Police Department, the Federal Bureau of Investigation (also known as the "FBI"), the Puerto Rico Police Department, or any other law enforcement agency that would affect your ability to be fair and impartial in this case?

41. Do you know or have you heard of any of the following people who may testify or whose names may be mentioned during the course of the trial?

   a. Abdiel Moreau Dones, a/k/a "Osama"
   b. Alberto Carrillo Morales, a/k/a "Alfalfa"
   c. Alex de Jesus
   d. Alex Rivera Huertas, a/k/a "Chi Chi"
   e. Alexander Capo-Carrillo, a/k/a "Alex Trujillo"
   f. Ana Irma Arroyo Sanchez, Puerto Rico Institute of Forensic Sciences
   g. Angel Ayala-Vazquez, a/k/a, "Angelo Millones"
   h. Angel L. Cruz Cintron
   i. Angie Hernaiz Rivera, Puerto Rico Institute of Forensic Sciences
   j. Anibal Escobar Sanchez
   k. Anthony Castro-Carrillo
   l. Anthony Declet Rivera, a/k/a "Chio"
   m. Camilo Ruiz Concepcion
   n. Carlos Barbosa
   o. Carlos de Leon-Cruz, a/k/a "Carlos Open"
   p. Carlos Rodriguez-Orellana, a/k/a "Jordan"
   q. Cesar Medina, Drug Enforcement Administration
   r. Charles Pizarro Garcia, a/k/a "Char"
   s. Crystal Martinez-Ramirez
   t. David Oppenheimer-Torres
   u. Debra McGillivray, United States Postal Inspection Service
   v. Derek Martinez, United States Postal Inspection Service
   w. Diego Perez-Colon
   x. Dr. Edda L. Rodriguez Morales, Puerto Rico Institute of Forensic Sciences
   y. Edgardo Rodriguez-Encarnacion, a/k/a "Blaqui"
   z. Elvin Torres-Estrada, a/k/a "Muñecon"
   aa. Emmanuel Correa Romero, a/k/a "Oreo"
   bb. Estevan Hernandez-Claudio, a/k/a "Salsa"
   cc. Dr. Francisco Javier Davila-Toro, Puerto Rico Institute of Forensic Sciences

dd. Frankie Medrano
ee. Gregorio Hanley
ff. Harold Figueroa Sanchez
gg. Hector Fermaint-Jurado, a/k/a "Casul," a/k/a "Casulita"
hh. Hector Velez-Santiago
ii. Hommysan Carino-Bruno
jj. Dr. Irma Rivera-Diez, Puerto Rico Institute of Forensic Sciences
kk. Israel Crespo Cotto
ll. Jason Dones Gonzalez, a/k/a "Arribal"
mm. Jason Rivera-Rivera
nn. Javier Cruz Acevedo, a/k/a "Pito Paz"
oo. Jean Carlos Ramos Pineiro, a/k/a "Hincho"
pp. Jorge Asencio Viera, a/k/a "Macar"
qq. Jose Iraldo-Rosario, a/k/a "Monchi," a/k/a "Monchito"
rr. Jose Luis Lopez-Rosario, a/k/a "Coquito"
ss. Jose Martinez-Diaz, a/k/a "Tony Zinc"
tt. Jose Moreno Jimenez, a/k/a "Willie Moreno"
uu. Jose Rivera Pagan, a/k/a "Rafiqui"
vv. Jose Victor Pellot Cardona, a/k/a "Vitito"
ww. Josue Aviles Perez, a/k/a "El Gordo"
xx. Juan Bernal
yy. Juan Pagan Lopez
zz. Juan Valdez
aaa. Julio Cesar Encarnacion Colon, a/k/a "Cesar Malvado"
bbb. Luis D. Rivera Carrasquillo, a/k/a "Danny KX"
ccc. Luis Torres
ddd. Marisol Rodriguez Martis, Puerto Rico Institute of Forensic Sciences
eee. Omar Ruiz Franco, a/k/a "Omar Blin"
fff. Orlando Carmona Serrano, a/k/a "Orlan the Barber"
ggg. Orlando Medina Serrano, a/k/a "Nene"
hhh. Oscar Sanchez Martinez, a/k/a "Oscar Meyer"
iii. Oscar Valdes Garcia, a/k/a "Pony"
jjj. Pablo Calderon-Reyes, a/k/a "Buron"
kkk. Ralph Laboy
lll. Ramon Cruz del Valle
mmm. Reinaldo Cruz Fernandez, a/k/a "Remy"
nnn. Roberto Gonzalez Cruz
ooo. Samuel Rivera
ppp. Santiago Estrada Concepcion
qqq. Shirley Marc

    rrr. United States Postal Inspection Service
    sss. Victor Alexis Rivera Santiago, a/k/a "Lele"
    ttt. William Vasquez-Baez

  42. Are you familiar with anyone else present in the courtroom, including your fellow jurors, all Court personnel, and myself?

  43. Some of the evidence in this case may concern activity that took place at or near the following locations:

    a. Calle Jerusalem and Calle Peñalara in San Juan, Puerto Rico
    b. The Manuel A. Perez Residential Area in Hato Rey, Puerto Rico
    c. Avenue Amalia Paoli in Toa Baja, Puerto Rico
    d. Fun World Childcare, 1499 Rosedale Avenue, Bronx, New York
    e. 1502 Rosedale Avenue, Bronx, New York
    f. Manuel A. Perez ("MAPA") public housing project, San Juan, Puerto Rico
    g. Jardines de Selles public housing project, San Juan, Puerto
    h. San Martin public housing project, San Juan, Puerto Rico
    i. El Prado public housing project, San Juan, Puerto Rico
    j. Ernesto Ramos Antonini public housing project, San Juan, Puerto Rico
    k. Jardines de Monte Hatillo, public housing project, San Juan, Puerto Rico
    l. Jardines Selles public housing project, San Juan, Puerto Rico
    m. Las Dalias public housing project, San Juan, Puerto Rico
    n. Monte Park public housing project, San Juan, Puerto Rico
    o. Torres de Sabana public housing project, Carolina, Puerto Rico
    p. El Coral public housing project, Carolina, Puerto Rico
    q. Sabana Abajo public housing project, Carolina, Puerto Rico
    r. Las Gardenias public housing project, Bayamon, Puerto Rico
    s. Francisco Vega Sanchez public housing project, Vega Baja, Puerto Rico
    t. Pizza City, Isla Verde, Carolina, Puerto Rico
    u. Cafeteria Thelma, San Juan, Puerto Rico
    v. San Pedro Restaurant, San Juan, Puerto Rico

Do you have any familiarity with any of these locations that would interfere with your ability to be fair and impartial in this case and to decide the case based only on the evidence presented in court?

C.   Experience with, and Opinions of, Crime and Legal Proceedings

44.   Have you, or has any member of your immediate family, ever appeared as a witness at a trial or in a grand jury investigation?

45.   Have you, or has any member of your immediate family, ever been arrested or charged with a crime?

46.   Have you, or has any of your close friends or relatives, ever been questioned in any matter by a federal, state, or local law enforcement agency?

47.   Have you, or has any of your close friends or relatives, ever been the victim of a crime (other than one you have mentioned in connection with a previous question)?

48.   Have you, or has any of your close friends or relatives, ever been employed by or volunteered with any victim assistance organization or neighborhood watch group?

49.   Are you, or is any member of your family, now under subpoena or, to your knowledge, about to be subpoenaed in any criminal case or other investigation?

50.   Have you, or has any of your relatives, associates, or close friends, ever been the subject of any investigation or accusation by any federal or state grand jury?

51.   Have you, or has any member of your immediate family, ever been a defendant in a criminal case or incarcerated?

D.   Difficulties in Understanding or Serving

52.   Do you have a problem with your hearing or vision that would prevent you from giving full attention to all of the evidence presented during this trial?

53.   Do you have any medical problems or do you take any medication that might interfere with your service as a juror in this case?

54. As I noted, I expect that this trial will involve testimony in Spanish. Do you understand Spanish? (If so, will you have any difficulty following my instruction that you must accept as accurate the translation that will be provided to you of any testimony given in a foreign language?)

55. If you are chosen as a juror, do you know of any reason why you could not be fair and impartial?

56. I don't know if this case will generate any publicity, but if it does, would you have any difficulty following my instructions to avoid reading, watching, or listening to any media reports concerning the case until after it is over?

57. I remind you that the death penalty is not implicated in this case. The question of punishment is for me alone to decide and the possible punishment must not enter into your deliberations as to whether the defendant is guilty or not guilty. Would you have any trouble following that instruction if you were selected to serve as a juror?

58. In these questions, I have tried to direct your attention to possible reasons why you might not be able to be fair and impartial in this case. Apart from any prior question I have asked you, is there *any* reason that you could *not* be a conscientious, fair, and impartial juror in this case and render a true and just verdict without fear, favor, sympathy, or prejudice, according to the law as I will explain it to you?